MATHEWS, J.
delivered theopinion ofthe court. The plaintiff and appellant opposes the homologation of a tableau of distribution of the estate of the insolvent among his creditors. She claims, as vendor, a privilege on certain real property, which came to the hands of the syndics, and was by them sold as part of said estate, part of said estate.
*469 East'n District.
April, 1818.
It appears, from the statement of facts, that the real estate on which she claims a privilege, was sold by her to the insolvent, and that, at the time of the sale, by the syndics, a sum above that, of $25,OOO, for which it was adjudged to her agent, was due to her on account of the original price. It also appears by the tableau of distribution, that the amount of the sale pf the insolvent's estate is $57,626; that the expenses incurred by the syndics, in managing the estate, after if came to their hands, including a commission on the amount at five per cent. are $5,312 83; $2451 68 of which are admitted to be just, and to be properly deducted from the amount of the estate. Another sum of $10,636 67 is acknowledged as the aggregate of debts privileged on the whole estate. It further appears from the tableau, that, after deducting the whole amount of the expenses and debts, with a general privilege, a sum sufficient to discharge entirely the debts having special mortgages and privileges on the various immoveable property of the insolvent does not remain. The deficit is apportioned equally on the different mortgagees and persons having special privileges by a proportionate deduction from the amount for which each of the hypothe-cated tracts was sold.
*470 The plaintiff and appellant is the only creditor who complains of this arrangement. She resists it on two grounds:
1. The syndics are not, as she says, entitled to the commission charged or any other, because they have renounced to their right.
2. As she has a privilege and preference, as vendor, on the property which the syndics af-terwards sold to her agent, she thinks she is not bound to contribute to the expenses incurred by the syndics, in the management of the estate, until every other part of it be exhausted; and on the event alone of a deficiency to discharge said expenses can, in her opinion, any demand be made on the produce of the property, on which her debt is privileged.
I. The terms, on which the first objection is stated, seem to admit that, if the syndics have not renounced their right to a commission of five per cent. on the property of the insolvent, they are entitled to it. Now, nothing is shewn to this court, or seems to have been exhibited to the parish court, from which it appears that they have retmunced to their commission. It is, therefore, fair to conclude that they are en~ titled to it.
*471 II. To arrive at a correct decision, on the second objection, it is necessary first to mine, whether the privilege of the vendor on the thing sold be higher than that of a mortgage creditor on the mortgaged property.
The rank of claims, secured by mortgage, is determined by the date of the deed or that of its record. When there are several of the same date, they concur. This takes place both in conventional and judicial mortgages, which must be recorded, in order to give them effect against third persons. As to tacit or legal mort gages, as these are not required to be recorded, their respective rank is fixed by the day on which they began to take effect, according to law, and those of the same day concur together. They likewise concur with judicial and conven- tional mortgages, without any preference over them, if their date be of the same day, on which the latter were recorded. Civ. Code, 470 and date. 472, art. 79 and 80.
From these provisions of the code, it seems that a dispute about rank in mortgages can only take place when the same property happens to be mortgaged to several persons, legally, judIcially or conventionally, and then the preference which one may have over another is to be set-tied entirely by the dates.
*472 It is further laid down that when, for want of moveable property, creditors (who have a privilege extending to immoveable and moveable property) demand to he paid out of the proceeds of the former, in concurrence with creditors who have a mortgage thereon, the payment must be made in the order of privileges enumerated in article, is the privilege of the those of the last article, is the privilege of the vendor. Civ. Code, 470, art. 77. Now, it is evident, from these regulations, that, if an insolvent surrenders no other property, except such as may be tacitly mortgaged to his vendors, and, on a sale for the benefit of his creditors, it does not produce a sum sufficient to discharge all the expenses enumerated in the 73d article, above the price for which it may be then mortgaged, they will be diminished by a deduction of said expenses. The privilege of the vendor is founded on a tacit or legal mortgage, which authorises him to pursue the thing for the payment of its price, even in the hands of third persons. A conventional one gives the same right. The vendor has a privilege or preference on the thing sold-so has a mortgaged creditor on what is mortgaged. Thus far, we perceive, that the rank and dignity of the claims are equal; but, when they conflict about the *473 same property, the mortgagee will always be postponed to the vendor-because the privilege of the latter must, of course, be prior in date, unless the purchaser had given a general mortgage on all his property, both present anti to come; and, in such a case, although the mortgage would be anterior in date-yet the time of its affecting the thing bought, would be after the sale and delivery, and, consequently, the completion of the contract: so it could not lessen, much less destroy, the lien `s,', hich the vendor has on for the thing sold for the price secured to him by a privileged mortgage, or a privilege. Civ, code, 456, art. 29. This does not hap~ pen, when the mortgages, whether tacit or conventional, are limited and confined 10 distinct objects of the insolvent's estate. Then, they hold equal rank, each on the thing mortgaged, and ought to concur in the payment of all legal and necessary expenses, incurred in the management of the estate.
Hennen for the plaintiff, Morel for the defendant.
According to this view of the case we discover no error in the judgment of the parish court.
It is, therefore, ordered, a'ijudgcd and decreed, that it be affirmed with costs.